UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EMMANUEL JERMAINE AVANT,

                              Plaintiff,      **No. 6:15-cv-06671(MAT)**
                                              **DECISION AND ORDER**

              -vs-

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                              Defendant.
_____

## INTRODUCTION

        Represented by counsel, Emmanuel Jermaine Avant ("Plaintiff")
brings this action pursuant to Title XVI of the Social Security Act
("the Act"), seeking review of the final decision of the
Commissioner of Social Security ("the Commissioner") denying his
application for Supplemental Security Income ("SSI"). This Court
has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g),
1383(c).

## PROCEDURAL STATUS

        On October 23, 2012, Plaintiff filed an application for SSI
alleging disability since January 1, 2003, due to depression,
anxiety, attention deficit hyperactivity disorder ("ADHD"),
affective disorder, intermittent explosive disorder, asthma, and
rhabdomyolysis. See T.39, 42-44, 47, 67, 77, 139-40, 150.[1] After

_____

[1]
        Citations to "T." refer to pages from the certified transcript of the
administrative record, submitted by the Commissioner in connection with her
answer to the complaint.

this application was denied, Plaintiff requested a hearing, which was held before administrative law judge Brian Kane ("the ALJ") on April 11, 2014. Plaintiff appeared with his attorney and testified, as did an impartial vocational expert. T.36-65. On July 10, 2014, the ALJ issued an unfavorable decision. T.19-29. The Appeals Council denied Plaintiff's request for review on September 18, 2015, making the ALJ's decision the final decision of the Commissioner. This timely action followed.

The parties have filed cross-motions for judgment on the pleadings and supporting memoranda of law, but neither party has filed a reply brief. The parties have comprehensively summarized the administrative transcript in their briefs, and the Court adopts and incorporates these factual summaries by reference. The Court will discuss the record evidence in further detail below, as necessary to the resolution of the parties' contentions.

For the reasons discussed below, the Commissioner's decision is affirmed.

## THE ALJ'S DECISION

The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since October 23, 2012, the application date. T.21. At step two, the ALJ assessed Plaintiff as having the following "severe" impairments: intermittent explosive disorder, psychotic disorder, mood disorder, and generalized anxiety disorder. Id. At step three, the ALJ determined that

-2-

Plaintiff's impairments, considered singly or in combination, did not meet or medically equal any listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. T.22-23. The ALJ gave particular consideration to Listings 12.04 (affective disorders) and 12.06 (anxiety-related disorders). T.22-23. The ALJ proceeding to determine that Plaintiff had the residual functional capacity ("RFC" to perform a full range of work at all exertional levels but could only frequently (i.e., two-thirds of a workday) have contact with coworkers and the public. T.23.

At step four, the ALJ determined that Plaintiff, who was 23 years-old on the application date, was a younger individual, with no past relevant work, a limited education, and the ability to communicate in English. T.27. At step five, the ALJ referred to the hypothetical presented to the VE's at the hearing, namely, a person with no exertional limitations, but "could only occasionally deal with" "co-workers and the public." T.60. The VE testified that a person with such an RFC and Plaintiff's vocational profile could perform jobs existing in significant numbers in the national economy, such as industrial cleaner (Dictionary of Occupational Titles ("DOT") 381.687-018: unskilled, SVP 2, medium exertional work) and cleaner II (DOT 919.687-014: unskilled, SVP 1, medium exertional work). T.28. The ALJ found that since Plaintiff's RFC to perform a "full range of work at all exertional levels but with a limitation to frequent contact with coworkers and the public is

less restrictive than the hypothetical given to the  vocational
expert," "the jobs provided by the vocational expert [were] still
valid." T.28. Based on the testimony of the VE, the ALJ concluded
that, considering Plaintiff's age, education, work experience, and
RFC, he is capable of making a successful adjustment to other work
that exists in significant numbers in the national economy, and a
finding of "not disabled" was appropriate under the framework of
section 204.00 in the Medical-Vocational Guidelines.  Id.

## SCOPE OF REVIEW

When considering a claimant's challenge to the Commissioner's
decision denying benefits under the Act, a district court must
accept the Commissioner's findings of fact, provided that such
findings are supported by "substantial evidence" in the record.
See 42 U.S.C. § 405(g) (the Commissioner's findings "as to any
fact, if supported by substantial evidence, shall be conclusive").
The reviewing court nevertheless must scrutinize the whole record
and examine evidence that supports or detracts from both sides.
Tejada v. Apfel, 167 F.3d 770, 774 (2d Cir. 1998) (citation
omitted), but "defer[s] to the Commissioner's resolution of
conflicting evidence." Cage v. Comm'r of Soc. Sec., 692 F.3d 118,
122 (2d Cir. 2012) (citation omitted)). "The deferential standard
of review for substantial evidence does not apply to the
Commissioner's conclusions of law." Byam v. Barnhart, 336 F.3d
172, 179 (2d Cir. 2003) (citing Townley v. Heckler, 748 F.2d 109,

112 (2d Cir. 1984)).

## DISCUSSION

Plaintiff argues that the ALJ's mental RFC determination was not supported by substantial evidence because the ALJ (1) failed to incorporate limitations on maintaining concentration, persistence, or pace; (2) failed to give reasons for discounting the opinions issued by consultative psychologist Dr. Yu-Ying Lin and state agency medical consultant Dr. M. Apacible; and (3) improperly implicitly rejected Dr. Lin's and Dr. Apacible's opinions that Plaintiff could perform only simple work. See Pl's Mem. at 8-11.

Plaintiff was examined by Dr. Lin on November 21, 2012, at the Commissioner's request. T.319-20. Dr. Lin opined that Plaintiff could follow and understand simple directions and instructions, perform simple tasks independently, maintain attention and concentration, maintain a regular schedule, learn new tasks, and perform complex tasks with supervision. Dr. Lin opined that Plaintiff could not make appropriate decisions, relate adequately with others, or deal appropriately with stress. T.320-21. While the results of the examination appeared to be consistent with psychiatric problems, Dr. Lin stated that they did not appear to be significant enough to interfere with Plaintiff's ability to function on a daily basis. T.321. Dr. Lin diagnosed Plaintiff with intermittent explosive disorder; psychotic disorder, not otherwise specified ("NOS"); mood disorder, NOS; cannabis abuse, in full

-5-

remission; and generalized anxiety disorder. Plaintiff's prognosis was "guarded to fair."  T.321.

Several weeks later, Dr. Apacible reviewed Plaintiff's medical records and opined that he could perform simple jobs, "not working closely with others." T.72-74. Dr. Apacible also completed a psychiatric review technique form ("PRTF") and found that Plaintiff had mild restrictions in activities of daily living; moderate difficulties in social functioning; mild difficulties in maintaining concentration, persistence, or pace; and had experienced no episodes of decompensation.  T.70-71.

The Court turns first to Plaintiff's argument that the ALJ's RFC assessment failed to incorporate his findings, at steps two and three of the sequential evaluation, that Plaintiff had "moderate" limitations in maintaining concentration, persistence, or pace. As the Commissioner argues, the ALJ's finding that Plaintiff had "moderate" difficulties in maintaining concentration, persistence, or pace was not an RFC assessment. Rather, that finding pertained to the ALJ's determination at steps two and three that, while Plaintiff's intermittent explosive disorder, psychotic disorder, mood disorder, and generalized anxiety disorder were "severe" impairments, they did not meet or equal a listed impairment because Plaintiff did not have "marked" limitations in two domains of functioning or an "extreme" limitation in one domain of functioning. See T.21-23. Indeed, the ALJ specifically stated that

-6-

the limitations assigned to, _inter_ _alia_, Plaintiff's ability to maintain concentration, persistence, or pace were not an RFC assessment, but were used only to rate the severity of Plaintiff's mental impairments at steps two and three.   T.23.

"An ALJ's decision is not necessarily internally inconsistent when an impairment found to be severe is ultimately found not disabling: the standard for a finding of severity under Step Two of the sequential analysis is _de_ _minimis_ and is intended only to screen out the very weakest cases." McIntyre v. Colvin, 758 F.3d 146, 151 (2d Cir. 2014) (citing Dixon v. Shalala, 54 F.3d 1019, 1030 (2d Cir. 1995)). The "special technique" applied at steps two and three assesses the functional effects of a claimant's mental impairments, but it "is entirely separate and analytically distinct from, a _subsequent_ determination of mental _residual functional capacity_[,]" Golden v. Colvin, No. 5:12-CV-665 GLS/ESH, 2013 WL 5278743, at *3 (N.D.N.Y. Sept. 18, 2013) (emphases in original), where the focus is on "an assessment of an individual's ability to do sustained _work-related_ physical and mental activities in a _work setting_ on a regular and continuing basis." SSR 96 8p, TITLE II AND XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, 1996 WL 374184, at *1, *7 (S.S.A. July 2, 1996) (emphases added). Thus, what is "most essential" in determining a claimant's mental RFC "is evaluation of functional effects of mental impairments on work-related activities such as understanding, carrying out, and

remembering instructions; using judgment in making work-related decisions; responding appropriately to supervision, co-workers and work situations; and dealing with changes in a routine work setting." Golden v. Colvin, at 2013 WL 5278743, at *3 (citing SSR 96 8p, 1996 WL 374184, at *1). "If it can be shown that the itemized evidence which led to the finding of a moderate limitation on 'concentration, persistence, or pace' was ignored during the RFC assessment, then this would be error." Peryea v. Comm'r of Soc. Sec., No. 5:13-CV-0173 (GTS/TWD), 2014 WL 4105296, at *10 (N.D.N.Y. Aug. 20, 2014). Here, however, Plaintiff has not made such a showing. In applying the special technique and finding moderate difficulties in maintaining concentration, persistence, the ALJ noted that while Plaintiff said he has trouble remembering things and has a short attention span, he also testified that he could follow written instructions, and sometimes follow spoken instructions. In addition, he testified that he wrote music as a hobby. During the consultative psychological examination, Dr. Lin found that Plaintiff's ability to concentrate was "intact," though his memory "appeared to be impaired, due to nervousness in the examination and possible limited intellectual functioning." T.320. Dr. Lin's opinions thus were essentially consistent with Plaintiff's statements regarding his ability to concentrate and remember. Dr. Lin opined, at the conclusion of his report, that Plaintiff could follow and understand simple directions and

instructions, perform simple tasks independently, maintain attention and concentration, maintain a regular schedule, learn new tasks, and perform complex tasks with supervision. The evidence that the ALJ cited when finding a "moderate" limitation on concentration, persistence or pace was not inconsistent with Dr. Lin's clinical findings and opinions, which supported the RFC determination. There were additional observations from Plaintiff's mental health care providers that supported the mental RFC assessment, including that Psychiatric-Mental Health Nurse Practitioner-Clinical Specialist Jo Ann Streb and Licensed Clinical Social Worker Amy Meier routinely noted that Plaintiff's short-term memory and long-term memory were intact, and Psychiatric Nurse Practitioner John Rushforth observed during an Evaluation/Management & Psychotherapy appointment in July 2013, that Plaintiff had an adequate attention span and concentration. T.360.

The Court turns next to Plaintiff's contention that the ALJ improperly afforded only "some weight" to Dr. Lin's opinion. Plaintiff's actual objection is to the ALJ's failure to adopt certain aspects of Dr. Lin's report, namely, the statements that Plaintiff could not make appropriate decisions, relate adequately with others or deal appropriately with stress. See T.320-21. Dr. Lin's statement that Plaintiff cannot relate adequately with others appears to be based more on Plaintiff's subjective description of

his symptoms rather than the doctor's clinical observations; Dr. Lin observed during the examination that Plaintiff's "demeanor was cooperative," he made "appropriate" eye contact, and his "[m]anner of relating was adequate." T.319. Moreover, as the ALJ noted, Plaintiff's mental status examinations by his treatment providers were "largely normal" insofar as he displayed a "cooperative" attitude, "appropriate" behavior, "appropriate" speech, an "appropriate" affect, "good" eye contact, and "appropriate" judgment. Even when Plaintiff was noted to have an "angry" or "mildly angry" mood, he nevertheless was "cooperative," with an "appropriate" affect, "good" eye contact, "appropriate" behavior, "calm" motor activity, "appropriate" speech, "logical" thought processes, "goal directed" thought content, and "intact" short- and long-term memory. E.g., T.311.

Relatedly, Plaintiff argues that the ALJ failed to adopt Dr. Apacible's opinion that Plaintiff can perform a job "not working closely with others." The ALJ found that Dr. Apacible "overstate[d] the extent to which the claimant would have problems working with co-workers and the public." T.27. Looking at the more specific underlying findings regarding Plaintiff's social functioning, Dr. Apacible's opinion is not inconsistent with the ALJ's RFC assessment. While Dr. Apacible opined that Plaintiff's ability to accept instructions and respond appropriately to criticism from supervisors and to get along with coworkers or peers without

-10-

distracting them or exhibiting behavioral extremes was "[m]oderately limited," Dr. Apacible opined that Plaintiff's abilities to interact appropriately with the general public, to ask simple questions or request assistance, and maintain socially appropriate behavior were "[n]ot significantly limited." T.73-74.

"Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole." Matta v. Astrue, 508 F. App'x 53, 56 (2d Cir. 2013) (unpublished opn.) (citing Richardson v. Perales, 402 U.S. 389, 399 (1971) ("We therefore are presented with the not uncommon situation of conflicting medical evidence. The trier of fact has the duty to resolve that conflict.")). All of Plaintiff's arguments focus on the substantiality of the evidence supporting the ALJ's decision. However, as the Second Circuit has explained, "whether there is substantial evidence supporting the [claimant]'s view is not the question . . . ; rather, [the Court] must decide whether substantial evidence supports the ALJ's decision." Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (summary order) (citation omitted). After examining the present record in light of the highly deferential standard of review that governs factual sufficiency of an agency's decision, the Court finds that substantial evidence supports the ALJ's determination, and

therefore it must be affirmed. <u>See</u> <u>Selian v. Astrue</u>, 708 F.3d 409, 417 (2d Cir. 2013) ("If there is substantial evidence to support the [agency's] determination, it must be upheld.").

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings is denied, Defendant's Motion for Judgment on the Pleadings is granted, and the Commissioner's decision is affirmed. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

**s/ Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:    October 5, 2016
          Rochester, New York.